# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TRAVIS LAMONT SUTTON,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF THE NAVY,<br>　　　　　　Agency. | DOCKET NUMBER<br>DC-3330-16-0022-I-1<br><br><br>DATE: November 21, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Simon Banks, Alexandria, Virginia, for the appellant.

Denise Gillis, Quantico, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his Veterans Employment Opportunities Act (VEOA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). We FORWARD the appellant's claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) (codified as amended at 38 U.S.C. §§ 4301-4335) to the regional office for consideration as a new appeal.

¶2 On July 16, 2015, the appellant, a GS-14 Contract Specialist, filed a VEOA complaint with the Department of Labor (DOL), Veterans' Employment and Training Service (VETS), in which he alleged that the agency denied him the right to compete as a preference eligible when it placed a coworker into a position for which he was qualified, without having advertised it. Initial Appeal File (IAF), Tab 6 at 7.[2] On October 2, 2015, DOL VETS advised the appellant that it had determined that the evidence did not support his claim, and that he could file an appeal with the Board, *id.*, which he did, IAF, Tab 1.

¶3 In response, the agency provided evidence to show that, effective August 24, 2014, the appellant's coworker was reassigned under 5 C.F.R. § 335.102 from her position as a GS-14 Contract Specialist to a GS-14

[2] The appellant described the position in question as a GS-14 Supervisory Contract Specialist, Branch Chief for Procurement, Policy, Quality, and Metrics. IAF, Tab 1. In fact, the position was a GS-14 Supervisory Procurement Analyst. IAF, Tab 5 at 25.

Supervisory Procurement Analyst position, at the same pay. IAF, Tab 5 at 25. The agency argued that because veterans' preference does not apply to internal agency actions, including reassignments, the appellant was not denied the right to compete for the position. *Id.* at 9-10.

¶4 In a submission filed prior to the close of the record, the appellant argued, without support, that his coworker's August 24, 2014 reassignment substantially increased her salary, thereby rendering the action a promotion falsely "masquerading" as a "reassignment," and that such a "promotional opportunity" must be open and posted for competition. IAF, Tab 13 at 5-6.

¶5 In his initial decision based on the written record,[3] the administrative judge found that the appellant failed to nonfrivolously allege the agency denied him the right to compete under VEOA for the Supervisory Procurement Analyst position because the agency did not fill the position competitively, but rather by reassignment, which was within its discretion to do. IAF, Tab 29, Initial Decision (ID) at 4-5. As such, the administrative judge dismissed the appeal for lack of jurisdiction.[4] ID at 1, 5.

¶6 The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has not responded.

¶7 To establish Board jurisdiction over a "right to compete" claim asserted under VEOA, an appellant must: (1) show that he exhausted his remedy with DOL; and (2) make nonfrivolous allegations that (i) he is a veteran within the meaning of the veterans' preference statute, (ii) the actions at issue took place on or after the December 10, 2004 enactment date of the Veterans' Benefits

---

[3] The appellant declined a hearing. IAF, Tab 1 at 2.

[4] Early in the adjudication of the appeal, the administrative judge found that the appellant had satisfied the requirements necessary for the Board to assume jurisdiction over his appeal under VEOA. IAF, Tab 7. Because we agree with the administrative judge's ultimate finding that the appellant, in fact, failed to set forth the requisite nonfrivolous allegations necessary to establish the Board's jurisdiction, we do not credit the administrative judge's earlier contrary statement finding jurisdiction.

Improvement Act of 2004, and (iii) the agency denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce in violation of the statute. 5 U.S.C. §§ 3304(f)(1), 3330a(a)(1)(B); *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010).

¶8    Here, the appellant showed that he had exhausted his remedy with DOL, IAF, Tab 6 at 7, made nonfrivolous allegations that he is a veteran under the appropriate authority, *id.* at 11, and that the action took place on or after December 10, 2004, IAF, Tab 5 at 25. However, as the administrative judge correctly found, there was no job announcement under which the appellant sought to be placed. Rather, the agency simply reassigned his coworker from one position to another of equal grade and pay. Under these circumstances, the appellant has failed to nonfrivolously allege that the agency denied him the right to compete under merit promotion procedures for a vacant position. Therefore, he has not established that the Board has jurisdiction over his appeal under VEOA, and the administrative judge properly dismissed the appeal for lack of jurisdiction. *See Becker*, 115 M.S.P.R. 409, ¶ 6 (finding that the appellant did not establish the Board's jurisdiction over his claim that the agency violated VEOA when it noncompetitively promoted others but failed to noncompetitively promote him from the GS-5 to the GS-6 level, when there was no job announcement for which the appellant sought a promotion).

¶9    We have considered the appellant's other claims on review and find them unavailing. He contends that the agency violated 5 U.S.C. § 2302(b)(6)[5] when it "hired" his coworker as a Supervisory Procurement Analyst without competition and without affording the appellant the right to compete. PFR File, Tab 1 at 5.

---

[5] Title 5 U.S. Code, § 2302(b)(6), provides that it is a prohibited personnel practice to "grant any preference or advantage not authorized by law, rule, or regulation to any employee or applicant . . . for the purpose of improving or injuring the prospects of any particular person for employment."

He also claims that the agency violated 5 U.S.C. § 2302(b)(4)[6] and (b)(12).[7] *Id.* at 19.  As noted, however, we have found that the Board lacks jurisdiction over this appeal, and prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction.  *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

¶10     The appellant further argues that the administrative judge erred in denying his motion to join this appeal with other appeals he has pending before the Board.[8]  PFR File, Tab 1 at 5.  In a motion filed on the date the record closed below, the appellant requested that the administrative judge join this appeal with his USERRA appeal and his IRA appeal, arguing that the matters were "inextricably intertwined."  IAF, Tab 25.  On the same day, the appellant filed another motion seeking a "Stay of Closure of VEOA Appeal Until the Administrative Judge Decides the Appellant's Motion to Join All of [His] Appeals."  IAF, Tab 26.  The administrative judge exercised his discretion not to join the appeals, but did not issue a ruling to that effect.  In any event, at the time the appellant filed the motion, he did not have a pending USERRA appeal,

---

[6] Title 5 U.S. Code, § 2302(b)(4) provides that it is a prohibited personnel practice to "deceive or willfully obstruct any person with respect to such person's right to compete for employment."

[7] Title 5 U.S. Code, § 2302(b)(12) provides that is a prohibited personnel practice to "take or fail to take any other personnel action if the taking of or failure to take such action violates any law, rule, or regulation implementing, or directly concerning, the merit system principles contained in section 2301 of [Title 5]."

[8] The appellant raised concerns regarding other appeals he had filed with the Board, which were pending at the time.  *See*, *e.g.*, PFR File, Tab 1 at 15.  The administrative judge dismissed the appellant's individual right of action appeal for lack of jurisdiction, and the initial decision became the final decision of the Board after neither party filed a petition for review.  *Sutton v. Department of the Navy*, MSPB Docket No. DC-1221-15-0966-W-2, Initial Decision (July 18, 2017).  The appellant also filed an appeal of his removal and a petition for review of the initial decision in that matter.  His petition for review is currently pending and the Board will issue a separate decision in that docket number.  *Sutton v. Department of the Navy*, MSPB Docket No. DC-0752-16-0130-I-3.  Under the circumstances, we have not addressed any arguments the appellant has raised concerning these matters.

although he did have a pending IRA appeal. He suggests on review that a joinder would promote judicial economy and reduce costs, PFR File, Tab 1 at 4-5, but he has not demonstrated that the requested action would expedite processing of the cases and would not adversely affect the interests of the parties. 5 C.F.R. § 1201.36(b). Thus, to the extent the administrative judge erred in failing to rule on the appellant's motion for joinder, any such error did not prejudice his substantive rights. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶11    The appellant further argues that the administrative judge erred in failing to "credit" his objections to the administrative judge's summary of the telephonic conference. PFR File, Tab 1 at 6. In the objections he filed, the appellant first argued that the administrative judge "omitted" his allegation that the agency fraudulently concealed its predisposition to select his coworker for the position at issue, IAF, Tab 27 at 4, 6, and committed numerous prohibited personnel practices, *id.* at 8. A review of the administrative judge's summary of the conference reveals that he properly discussed the issues in the appeal, the law, and the parties' burdens of proof, explained that there would be no hearing, and set a date for the close of the record. IAF, Tab 22. The administrative judge did not, nor was he required to, set forth the specific claims of either party, including those mentioned above and the appellant's claims which related to his IRA appeal, IAF, Tab 27 at 4-5, 7-9, and his removal, *id.* at 9, neither of which was at issue in this VEOA appeal. With his objections, the appellant submitted a number of documents which do not appear to have any relevance to this appeal. *Id.* at 17-55. Although the administrative judge did not specifically address the appellant's objections to his summary, which are more properly considered as argument, the appellant has not shown any abuse of discretion by the administrative judge in this regard. 5 C.F.R. § 1201.41(b).

¶12    The appellant contends on review, as he did below, that his coworker's reassignment was a sham in that she was really promoted, that the agency

fraudulently concealed this information, and that the administrative judge erred in failing to consider this argument. PFR File, Tab 1 at 7-11. The appellant's unsupported claims regarding his coworker do not change the fact that the appellant did not show that he was denied the right to compete under merit promotion procedures for a vacant position and that he did not, therefore, establish the Board's jurisdiction over his appeal.

¶13　　　The appellant also claims that the administrative judge made arbitrary credibility determinations, which he asks the Board to overturn. *Id.* at 12-13. However, the administrative judge made no such determinations; nor was he required to because the operative facts of this case were not disputed. ID at 2.

¶14　　　The appellant appears to argue on review that the agency's action in this case constitutes an invalid employment practice under 5 C.F.R. part 300 in an unspecified way. PFR File, Tab 1 at 20-21. However, because the appellant failed to raise this claim below, we will not consider it.[9] *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); IAF, Tab 22.

¶15　　　Finally, the appellant seeks to "incorporate by reference" his USERRA appeal. PFR File, Tab 1 at 5. The record reflects that, in summarizing his close-of-record telephonic conference, the administrative judge stated that "[t]he appellant indicated that he is not claiming a violation of USERRA in this appeal, and to the extent his petition for appeal suggests that he is making such a claim, he hereby withdraws that claim." IAF, Tab 22 at 2. The administrative judge

---

[9] The appellant earlier filed an employment practices claim with the Board when the agency did not select him for the GS-14 position of Supervisory Contract Specialist because he did not meet the education requirement set forth in the vacancy announcement. The administrative judge dismissed that appeal for lack of jurisdiction, *Sutton v. Department of Veterans Affairs*, MSPB Docket No. DC-300A-14-0641-I-1, Initial Decision at 1, 7 (Dec. 22, 2015). The full Board denied the appellant's petition for review of the initial decision and affirmed it as modified to dismiss his related VEOA and USERRA claims as barred by res judicata and collateral estoppel. *Sutton v. Department of Veterans Affairs*, MSPB Docket No. DC-300A-14-0641-I-1, Final Order at 7-8 (Apr. 12, 2016). This employment practice case is not related to, and has no bearing on, the instant appeal.

further stated that, if either party disagreed with the accuracy of the summary, the administrative judge must receive a written objection to the summary no later than June 16, 2016. *Id.* at 4-5. In the objections he filed on the date the record closed, the appellant stated that USERRA "is not an issue here." IAF, Tab 27 at 13. Moreover, on June 15, 2016, the appellant submitted an appeal pursuant to USERRA. IAF, Tab 23. Thus, it would appear that he did not intend to abandon this claim. We therefore forward the issue to the regional office for consideration as a new appeal.

## NOTICE OF APPEAL RIGHTS[10]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  [5 U.S.C. § 7703](b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[11]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                           /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.